*EXHIBIT A*

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RODRA DOOLEY,

    Plaintiff,

vs.

DOLLAR GENERAL a/k/a DOLGENCORP,
LLC, A Foreign Corporation,

    Defendants.

Case No: 22-    -NO
Hon.:

_____/
BARRY J. GOODMAN (P29906)
MICHELLE T. AARON (P73636)
Goodman Acker, PC
17000 W. Ten Mile, 2nd Floor
Southfield, MI 48075
(248) 483-5000 Fax: (248) 483-3131
bgoodman@goodmanacker.com
maaron@goodmanacker.com
_____/

**THERE IS CURRENTLY NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT.**

## COMPLAINT

**NOW COMES**, Plaintiff, RODRA DOOLEY, by and through her attorney, **GOODMAN ACKER, P.C.**, and for her Complaint states the following:

## COUNT I

1.    That Plaintiff, RODRA DOOLEY, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.    That the Defendant, DOLLAR GENERAL a/k/a DOLGENCORP, LLC, a foreign corporation and hereinafter referred to as "DOLLAR GENERAL" is upon information and belief a foreign corporation duly authorized and licensed to do business

in the State of Michigan conducting business in Wayne County and having as their registered agent CSC – Lawyers Incorporating Services, 2900 West Road, Ste. 500, East Lansing, Michigan 48823.

3. That this cause of action arises out of a slip/trip and fall that occurred on Defendant, DOLLAR GENERAL'S, premises located at 3000 West Davison Avenue, Detroit, Michigan.

4. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

5. That on or about June 27, 2020, Plaintiff, while lawfully walking upon common area of the aforedescribed premises, specifically, while carefully walking down the aisles when she violently slipped due to water on the floor and grabbed her shopping cart to avoid falling to the floor, thereby causing her to twist her body with great force and violence as a result of a puddle of water on the floor.

6. That the Defendant, DOLLAR GENERAL, herein had a duty to exercise due care and caution for the health and well-being of persons lawfully upon the premises, including and more specifically, your Plaintiff, and further, had the duty to maintain aforesaid premises and the subject entrance/exit of said premises in a safe manner and to warn invitees of any dangerous conditions then and there existing and to remove any dangerous conditions then and there existing, and to obey the common laws of the State of Michigan.

7. That notwithstanding the duties imposed upon the Defendant herein by statute and common law, the Defendant did violate said duties and was negligent in the following acts of negligence and/or omissions.

  a. By negligently failing to exercise due care to protect your Plaintiff against the hazards arising in the existence water on the floor of the entrance/exit of the interior of said premises;

  b. By failing to exercise due care and caution in the inspection of the premises to ascertain the presence of water on the floor in obvious disregard for the safety, health and well-being of the public, and more particularly, your Plaintiff herein;

  c. By failing to exercise ordinary care and prudence to render the premises reasonably safe for invitees, more particularly, your Plaintiff;

  d. By failing to correct a dangerous condition on the premises, to wit: water on the floor of the entrance/exit of interior of building in obvious disregard for the safety, health and well-being of invitees, more particularly, your Plaintiff;

  e. By failing to warn your Plaintiff of said condition when the Defendant knew or should have known in the exercise of reasonable care that the defect posed an unreasonable risk to invitees;

  f. By failing to maintain the premises in reasonable repair and fit for its intended purpose pursuant to MCL 554.139;

  g. By commission of other acts of negligence and/or omissions, which are hereby reserved for proof at the time of trial.

  8. That notwithstanding said duties and obligations and as a direct and proximate result of the negligence of the Defendant, your Plaintiff was caused to slip and twist her body causing your Plaintiff to sustain severe, permanent and progressive personal injuries as hereinafter set forth more fully.

  9. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant herein, your Plaintiff sustained severe, permanent and progressive injuries including, but not limited to, the following:

  a. Right Knee including, but not limited to a vertical tear in the peripheral zone of the posterior horn of the medial meniscus, and tear of the medial collateral ligament of the right knee;

  b. Right hip including, but not limited to a femoroacetabular impingement of the right hip;

3

      c. Back including, but not limited to L3/L4 disc bulges;
      d. Contusions and abrasions;
      e. Severe shock, fright and mental anguish;
      f. Pain and suffering;
      g. Further injuries which have not yet been diagnosed or manifested themselves.

10. Further, that said injuries have necessitated hospital care and treatment, physical therapy, use of rehabilitative appliances, medications and/or other rehabilitative aids.

11. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff has been required to incur substantial sums of money for the reasonable and necessary medical care and treatment described above in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish and permanent injuries sustained by her in the hereinbefore described incident, and that she will continue to do so into the future.

12. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff is and will be unable to participate in those activities which a normal and healthy individual in the same or similar circumstances could have participated in but for the injuries sustained in the before described incident.

13. That as a direct and proximate result of the aforesaid injuries, Plaintiff has suffered a loss of wages and/or loss of earning capacity, which will continue into the future.

14. That in the event Plaintiff was suffering from any other medical and/or emotional conditions, then and in the event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incidents.

4

**WHEREFORE**, Plaintiff prays for judgment against Defendant, DOLLAR GENERAL a/k/a DOLGENCORP, LLC, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which she is found to be entitled, together with interest, costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

**GOODMAN ACKER, P.C.**

Dated: August 2, 2022

BY:    /s/ Barry J. Goodman
BARRY J. GOODMAN (P29906)
MICHELLE T. AARON (P73636)
Goodman Acker, PC
17000 W. Ten Mile, 2nd Floor
Southfield, MI 48075
(248) 483-5000 Fax: (248) 483-3131
bgoodman@goodmanacker.com
maaron@goodmanacker.com